**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

**Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500**

**MOTION INFORMATION STATEMENT**

Docket Number(s): 26-617_____

_____Caption [use short title]_____

Motion for: Dismissal of Appeal For Lack of _____

Appellate Jurisdiction_____

_____

Set forth below precise, complete statement of relief sought:

Plaintiffs/Appellees Seek Dismissal for Lack of Appellate

Jurisdiction Because the Notice of Appeal Was Untimely

_____

_____

_____

_____

## Filardi v. Mid-America Pet Foods, L.L.C.

**MOVING PARTY:** Plaintiffs/Appellees_____

**OPPOSING PARTY:** Michael Sussman, Objector/Appellant_____

☑ Plaintiff          ☐ Defendant

☐ Appellant/Petitioner     ☐ Appellee/Respondent

**MOVING ATTORNEY:** Carlos F. Ramirez_____

**OPPOSING ATTORNEY:** N/A_____

[name of attorney, with firm, address, phone number and e-mail]

Reese LLP, 100 W. 93rd St, NY, NY 10025_____

_____

914-860-4994_____

_____

cramirez@reesellp.com_____

_____

Court- Judge/ Agency appealed from: S.D.N.Y. - Judge Nelson S. Román_____

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☐ Yes ☑ No (explain): No opposing counsel, Objector/
Appellant proceeding Pro Se_____

Opposing counsel's position on motion:
☐ Unopposed ☐ Opposed ☐ Don't Know
Does opposing counsel intend to file a response:
☐ Yes ☐ No ☐ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below?     ☐ Yes ☐ No
Has this relief been previously sought in this court?  ☐ Yes ☐ No
Requested return date and explanation of emergency: _____

_____
_____
_____
_____

Is oral argument on motion requested?     ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?     ☐ Yes ☑ No If yes, enter date:_____

**Signature of Moving Attorney:**

/s/ Carlos F. Ramirez_____ Date: 04/24/2026_____ Service by: ☑ CM/ECF ☐ Other [Attach proof of service]

**Form T-1080** (rev.12-13)

# 26-00617

---

## UNITED STATES COURT OFAPPEALS FOR THE SECOND CIRCUIT

---

MICHAEL SUSSMAN,

*Objector-Appellant*,

v.

JAMES FILARDI, COURTNEY ANDERSEN, LISA BURMEISTER, GLENN JACKSON, KENNETH LEONARD, DOROTHY PETERSEN, STEPHANIE RANEY, IRENE NUNEZ, CONRADO MOREIRA, KIARA REED, NACOLE HOUSTON, MONIKA BENNETT, JASON JARRELL, ALISON BARNHILL, KIMBERLEE FERRIS, JEFFREY GOULD, MELISSA SWARINGEN-ORTON, MICHELLE RUBIANO, and COLEMAN STEPHENS, on behalf of themselves and all others similarly situated,

*Plaintiffs-Appellees,*

v.

MID-AMERICA PET FOOD, L.L.C.,

*Defendant-Appellee.*

---

### PLAINTIFFS-APPELLEES' MOTION TO DISMISS APPEAL FOR LACK OF APPELLATE JURISDICTION

---

# TABLE OF CONTENTS

TABLE OF CONTENTS……...............................................................i

TABLE OF AUTHORITIES.............................................................ii

INTRODUCTION.........................................................................1

JURISDICTIONAL STATEMENT....................................................1

STATEMENT OF FACTS...............................................................2

ARGUMENT ..............................................................................3

I. The Appeal Must Be Dismissed Because The Notice of Appeal
   Was Untimely…………………………………...……………………....3

II. No Basis Exists To Salvage The Untimely Appeal...............................4

III. Strict Enforcement Is Especially Warranted In The Class Action Context........5

CONCLUSION ......................................................................... 6

i

# TABLE OF AUTHORITIES

## CASES

*Bowles v. Russell*,
 551 U.S. 205 (2007) ........................................................................ 1, 3

*Bradshaw v. City of New York*,
 No. 18-CV-8944 (GBD), 2019 WL 6997969 (S.D.N.Y. Dec. 20, 2019) ….….... 4

*Cohen v. Empire Blue Cross & Blue Shield*,
 142 F.3d 116 (2d Cir. 1998) ............................................................. 4

*Filardi v. Mid-America Pet Food, L.L.C.*,
 No. 7:23-CV-11170 (NSR), 2026 WL 323350 (S.D.N.Y. Feb. 6, 2026) ………. 2

*Goode v. Winkler*,
 252 F.3d 242 (2d Cir. 2001) ……...........................................................1

*In re Ivan F. Boesky Sec. Litig.*,
 948 F.2d 1358 (2d Cir. 1991) ............................................................. 5

*Malek v. Feigenbaum*,
 116 F.4th 118 (2d Cir. 2024) ……........................................................ 1

*Weitzner v. Cynosure, Inc.*,
 802 F.3d 307 (2d Cir. 2015) ............................................................. 1

## STATUTES AND RULES

Fed. R. App. P. 4(a) ........................................................................ 1, 3

Fed. R. App. P. 4(a)(1)(A) ............................................................... 1, 2

Fed. R. App. P. 4(a)(5) ……………………......................................... 4

Fed. R. App. P. 4(a)(5)(C) ............................................................... 4

Fed. R. App. P. 4(a)(6) .................................................................... 4

## INTRODUCTION

Plaintiffs-Appellees respectfully move to dismiss this appeal for lack of appellate jurisdiction because Objector-Appellant Michael Sussman filed his notice after the deadline prescribed by Federal Rule of Appellate Procedure 4(a). That deadline is mandatory and jurisdictional, and this Court therefore lacks authority to entertain the appeal.

Because the notice of appeal was filed after the jurisdictional deadline—and because no basis exists to excuse that defect—the appeal should be dismissed.

## JURISDICTIONAL STATEMENT

This Court lacks jurisdiction over this appeal. Under Federal Rule of Appellate Procedure 4(a)(1)(A), a notice of appeal in a civil case must be filed within thirty (30) days after entry of the judgment or order appealed from. The Supreme Court has held that this deadline is "mandatory and jurisdictional," and courts of appeal lack authority to forgive noncompliance. *Bowles v. Russell*, 551 U.S. 205, 209 (2007).

The Second Circuit strictly enforces this rule and routinely dismisses untimely appeals for lack of jurisdiction. *See, e.g., Malek v. Feigenbaum*, 116 F.4th 118, 121 (2d Cir. 2024) (dismissing appeal as untimely and reaffirming that Rule 4(a)'s deadline is jurisdictional); *Weitzner v. Cynosure, Inc.*, 802 F.3d 307, 311–12 (2d Cir. 2015) (holding that failure to comply with Rule 4(a) deprives the

Court of jurisdiction); *Goode v. Winkler*, 252 F.3d 242, 245 (2d Cir. 2001) (same).

Here, the District Court entered its Final Approval Order and Judgment on February 6, 2026. The deadline to file a notice of appeal was therefore March 9, 2026. Objector-Appellant filed his notice of appeal on March 10, thereby filing late.

Because the notice of appeal was untimely, this Court lacks jurisdiction and must dismiss the appeal.

## STATEMENT OF FACTS

On January 8, 2026, Objector-Appellant submitted an objection to the proposed settlement of the matter styled as *Filardi v. Mid-America Pet Food, L.L.C.*, Case No. 7:23-CV-11170 (NSR). *See* Objector-Appellant Objection attached as Exhibit A to the Declaration of Carlos F. Ramirez Dated April 24, 2026 filed concurrently herewith ("Ramirez Decl.").

On February 6, 2026, the United States District Court for the Southern District of New York entered a Final Approval Order and Judgment approving the class action settlement at issue here (the "Order and Judgment"). *See Filardi v. Mid-America Pet Food, L.L.C.*, Case No. 7:23-CV-11170 (NSR), 2026 WL 323350, at *1 (S.D.N.Y Feb. 6, 2026)(attached as Exhibit B to the Ramirez Decl.). The Order and Judgment triggered the 30-day period to file a notice of appeal under Federal Rule of Appellate Procedure 4(a)(1)(A), thereby making Objector-

Appellant's deadline to file a notice of appeal March 9, 2026.

Objector-Appellant filed his notice of appeal on March 10, 2026, after the applicable deadline. Objector/Appellant's Notice of Appeal, No. 26-0617 (2d Cir. Mar. 10, 2026), ECF No. 1. He did not file any motion in the District Court seeking an extension of time to appeal, nor did he file any motion that would toll or reopen the time to appeal.

## ARGUMENT

### I. The Appeal Must Be Dismissed Because The Notice Of Appeal Was Untimely

The timeliness of a notice of appeal in a civil case is a strict jurisdictional prerequisite. Federal Rule of Appellate Procedure 4(a)(1)(A) provides that a notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." The Supreme Court has squarely held that this deadline is not subject to equitable exceptions: "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles*, 551 U.S. at 214.

As outlined above, the Second Circuit applies this rule rigorously and dismisses untimely appeals as a matter of course. Accordingly, when a notice of appeal is filed even one day late, the court of appeals is without jurisdiction to consider the appeal and must dismiss it. *See id.*

3

That is precisely the situation here. The Order and Judgment, wherein Objector-Appellant's objections were considered and rejected,[1] was entered on February 6, 2026, making the deadline to appeal March 9, 2026. Objector-Appellant filed his notice of appeal on March 10, 2026, rendering the appeal untimely as a matter of law.[2]

Because the defect is jurisdictional, dismissal is mandatory.

## II. No Basis Exists To Salvage The Untimely Appeal

There is no procedural mechanism available to cure Objector-Appellant's untimely filing in this Court. First, any request for an extension based on "excusable neglect or good cause" under Federal Rule of Appellate Procedure 4(a)(5)(ii) must be made in the district court—not in the court of appeals—and must itself be timely: "a district court may extend the filing deadline [for the notice of an appeal] if a party 'shows excusable neglect or good cause' and asks for the extension within 30 days after the filing deadline[.]" *Bradshaw v. City of New York*, No. 18-CV-8944 (GBD), 2019 WL 6997969, at *2 (S.D.N.Y. Dec. 20, 2019). But "[n]o extension under this

---

[1] *See* Order and Judgement, attached as Exhibit B to the Ramirez Decl., at ¶ 15.

[2] This is not the first time Objector-Appellant has failed to comply with applicable court rules. *See* Letter Addressed to Judge Nelson S. Román from Jason P. Sultzer dated March 17, 2026 Re: Request For A Pre-motion Conference, attached as Exhibit C to the Ramirez Decl., at p. 2-3 (seeking that Objector-Appellant post an appeals bond in light of the District Court's holding that Objector-Appellant lacked standing to object to the settlement and bore indices of fraud).

4

Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." Fed. R. App. P. 4(a)(5)(C). District courts "lack jurisdiction to grant any extension motion that is not filed within Rule 4(a)(5)'s 30–day 'grace period.'" *Cohen v. Empire Blue Cross and Blue Shield,* 142 F.3d 116, 118 (2d Cir.1998). Objector-Appellant did not file a Fed. R. App. P. 4(a)(5)(C) extension motion, and the 30-day grace period has expired. .

Second, reopening the time to appeal under Rule 4(a)(6) is limited to circumstances where a party did not receive notice of the entry of judgment. There is no indication that such circumstances exist here.

Absent one of these narrowly prescribed mechanisms—which are not present here—the Court has no authority to excuse the untimely filing. Thus, Objector-Appellants' appeal must be dismissed.

## III. Strict Enforcement Is Especially Warranted In The Class Action Settlement Context

This Court has recognized the need to prevent delays in class action settlements that can prejudice class members by postponing relief. *See In re Ivan F. Boesky Sec. Litig.*, 948 F.2d 1358, 1368 (2d Cir. 1991)(noting that objectors pursuing weak claims injured all classes by their appeal). The deadline to file a claim in this matter was February 5, 2026, and by January 21, 2026, 47,775 claims had already been submitted; ***claims that Objector-Appellant's appeal seeks to delay***. *See* Declaration of Steven Weisbrot of Angeion Group Re: Implementation of the Notice

5

Plan and Settlement Administration, attached as Exhibit D to the Ramirez Decl., at ¶ 21.

Permitting an untimely appeal by an objector would undermine the finality of settlements and incentivize dilatory tactics. Where, as here, the defect is clear and jurisdictional, dismissal promotes the efficient administration of justice and protects the interests of the class.

## CONCLUSION

For the reasons set forth above, the appeal should be dismissed for lack of jurisdiction.

Dated: April 24, 2026

Respectfully submitted,

By: /s/ Carlos F. Ramirez

Carlos F. Ramirez
Michael R. Reese
Sue J. Nam
**REESE LLP**
100 West 93rd Street, 16th Floor
New York, New York 10025
Tel: (212) 643-500
*mreese@reesellp.com*
*snam@reesellp.com*
*cramirez@reesellp.com*

Jeffrey S. Goldenberg
**GOLDENBERG SCHNEIDER, LPA**
4445 Lake Forest Drive, Suite 490
Cincinnati, Ohio 45242
Tel: 513-345-8297
*jgoldenberg@gs-legal.com*

6

**THE SULTZER LAW GROUP P.C.**
Jason P. Sultzer, Esq.
85 Civic Center Plaza, Suite 200
Poughkeepsie, NY 12061
Tel: (845) 483-7100
*sultzerj@thesultzerlawgroup.com*

*Attorneys for Plaintiffs and Classes*

7

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)(7)

I hereby certify pursuant to Federal Rule of Appellate Procedure 32(a)(7)(C)that the attached brief is proportionally spaced, has a typeface (Times New Roman) of 14 points, and contains 1,126 words (excluding, as permitted by Federal Rule of Appellate Procedure 32(a)(7)(B), the table of contents, table of authorities, proof of service and certificate of compliance), as counted by the Microsoft Word processing system used to produce this brief.

Dated: April 24, 2026

_____/s/ *Carlos F. Ramirez*_____
Attorney

8

## CERTIFICATE OF SERVICE

I, Carlos F. Ramirez, hereby certify that on April 24, 2026, I electronically filed the foregoing Memorandum In Support Of Motion to Dismiss Appeal with the Clerk of the Court of the United States Court of Appeals for the Second Circuit by using the CM/ECF System.

I certify that parties to this appeal are registered CM/ECF users and that service will be accomplished by the CM/ECF system. Service upon Objector-Appellant shall be accomplished by delivery via Certified Mail with Return Receipt Requested to the following address: 1686 S Federal Highway, #151, Delray Beach, FL 33433.

Dated: April 24, 2026

/s/ *Carlos F. Ramirez*

Attorney

9